## Third Department, September, 1929.

In the Matter of the Application of Thomas A. Lacey and All Other Persons Similarly Situated Who Join Herein for the Restoration of Their Respective Enrollments upon the Enrollment Blanks Executed by Them in Their Respective Election Districts in the City of Cohoes, N. Y., on Registration Days in October, 1928, and for the Correction of the Records of the Albany County Board of Elections to Correspond with Said Enrollments Actually and Lawfully Made.

Per Curiam. The motion is granted and stay continued on the ground that the Supreme Court has no inherent common-law powers in an election case, but only such powers as are expressly conferred by the statute. The powers expressly conferred shall be liberally construed but the court cannot assume a power not granted by the Election Law. It is conceded that no express statutory authority has been conferred upon the Supreme Court to deal summarily with the subject-matter of this litigation. The applicants, we think, have slept upon their rights. (Election Law, §§ 183, 184.) Van Kirk, P. J., Hinman and Whitmyer, JJ., concur; Hill and Hasbrouck, JJ., dissent, each with a memorandum.

Hill, J. (dissenting). I have not had opportunity to review the legal questions involved and if the stay is continued certain electors will be denied their right to vote without fault on their part, and as the enrollment blanks obviously have been tampered with and erased I favor dissolving the stay so the electors may vote.

Hasbrouck, J. (dissenting). I think too much has been conceded with regard to the Election Law; that the provision relating to the cancellation of enrollment is adequate in the premises. The court having power to cancel an enrollment has power to deny cancellation. The enrollment of the voter has apparently been canceled by fraud. The court should deny the power of any person to effect a fraudulent cancellation of it. I vote to dissolve the stay.

Motion granted and stay continued.